IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VICTOR JOSEPH RUSSO, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:09-cv-00967-JHH-JEO |
| GRANT CULLIVER, Warden, and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The above-styled action is a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254 by an Alabama state prisoner, Victor Joseph Russo (hereinafter "Russo"). In his *pro se* petition, Russo challenges his conviction for double murder during the course of a robbery in violation of ALABAMA CODE 1975 §§ 13A-5-40(a)(10) and 13A-5-40(a)(2). Russo was sentenced to life imprisonment without the possibility of parole by the Circuit Court of Jefferson County on April 24, 1987. (*See* Petition for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)[1] at 2). In his petition, Russo challenges his conviction on three grounds: (1) "Denied counsel on direct appeal;" (2) "Denied counsel of choice on direct appeal;" and (3) "Denied right to direct appeal." (*Id*. at 5).

The respondents, Warden Grantt Culliver and the Attorney General of the State of Alabama (hereinafter referred to collectively as "the respondents"), filed an Answer on September 17, 2009. (Doc. 7). Russo filed a reply on December 16, 2009. (Doc. 8). On

---

[1] References to "Doc(s).___" are to the documents as numbered by the Clerk of the Court in the court's record of the case.

December 23, 2009, the court *sua sponte* entered an Order providing Russo an additional twenty (20) days in which to file affidavits or other evidentiary materials tending to show that his petition should not be summarily dismissed as untimely. (Doc. 9). After filing multiple motions for extensions of time, Russo filed his response on July 13, 2010, to which he attached an evidentiary submission. (Doc. 14). Upon consideration, the court finds that Russo's petition for habeas relief is due to be denied.

## I.    FACTUAL AND PROCEDURAL HISTORY

Russo was convicted of double murder during the course of a robbery in violation of ALABAMA CODE 1975 §§ 13A-5-40(a)(10) and 13A-5-40(a)(2) on April 24, 1987.[2] His conviction was affirmed by the Alabama Court of Criminal Appeals on June 30, 1989. Russo did not request a rehearing, nor did he file a petition for a writ of certiorari with the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a Certificate of Final Judgment on July 18, 1989. (Doc. 7-2 (Ex. 2) at 30 of 73).[3]

After various failed attempts to secure counsel, Russo filed a Rule 32 petition in the Circuit Court of Jefferson County, which was dismissed on October 18, 2004. (Doc. 7-2 at 10 of 73). Russo then filed a "*Callahan* Motion"[4] in the Alabama Court of Criminal Appeals, which

---

[2] More specifically, on February 28, 1987, Russo was convicted of both counts by a jury, which recommended the death sentence by a vote of 10 to 2. (Doc. 1, Petition at 3). On April 24, 1987, Russo entered a plea agreement in which the guilty verdict and death sentence recommendation were set aside, and Russo pled guilty to both counts in the indictment. (*Id.*)

[3] Documents identified as "Ex. ___" are located at document 7 in the court's record. The page numbers are those assigned by the Clerk of this Court located at the top of each document.

[4] In *Callahan v. State*, 215 So. 2d 887 (Ala. Crim. App. 1968), the court noted, *inter alia*, that a petitioner who alleged that he had not been represented by counsel on appeal, even though he was indigent, should request the Court of Criminal Appeals to set aside affirmance of his case, restore the case to docket and appoint him counsel for his appeal.

was dismissed on February 22, 2008.  His petition for a writ of mandamus with the Alabama Supreme Court was denied on May 22, 2008.  Russo did not file his current petition for writ of habeas corpus until May 8, 2009.[5]  (Doc. 1 at 1).

In his present petition, Russo asserts three bases for habeas relief, all grounded on his argument that he was denied the counsel of his choice during his direct appeal.  (Doc. 1 at 4). Specifically, Russo was declared indigent before his trial, and the trial court appointed Robert G. Cahill and Kenneth Gomany to represent him.  Russo believes he was denied effective assistance of counsel during his trial because, according to him, Mr. Cahill and Mr. Gomany were secretly working with the prosecution to convict him.

## II.     DISCUSSION

The record shows that Bryan Stevenson and Palmer Singleton were appointed to represent Russo during his appeal.  However, Russo appears to argue that Mr. Cahill and Mr. Gomany somehow supplanted Mr. Stevenson's and Mr. Singleton's efforts to represent him before the Alabama Court of Criminal Appeals, and finally replaced Mr. Stevenson and Mr. Singleton as Russo's appeals counsel without Russo's consent.  Mr. Cahill filed an *Anders* brief with the Court of Criminal Appeals on August 31, 1988, and was permitted to withdraw from representing Russo three months later.  Russo argues that he was "abandoned" by his counsel during the appeal, and was thus denied his right to counsel on appeal.[6]  Russo's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals on June 30, 1989, and the

---

[5] This is the date it was placed in the prison mail system.  *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

[6] No explanation is given as to what happened to Mr. Gomany, who supposedly represented Russo with Mr. Cahill during his appeal.

same became final on July 18, 1989. (Doc. 7-1 at 1 of 2).

The respondents argue that Russo's federal petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). (Doc. 7). Section 2244(d), as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), provides a one-year limitations period for individuals in State custody to file habeas corpus petitions. However, State inmates whose convictions became final before AEDPA's effective date were to file their habeas petitions no later than April 23, 1997. *Wilcox v. Florida Dept. of Corrections*, 158 F. 3d 1209, 1211 (11th Cir. 1998). Because Russo's conviction became final on July 18, 1989,[7] his petition in this court, filed on May 8, 2009, was filed approximately twelve years after the filing deadline.

Russo responds that his conviction did not become final on July 18, 1989, and has indeed never become final. He explains that, because he was "abandoned" by his appeal counsel in November 1988, and because the court of appeals did not appoint new counsel to represent him for the remainder of his appeal, his right to counsel on appeal was violated, depriving the court of appeals of its authority to finalize his conviction. On this basis, Russo maintains that the limitations period for filing his habeas petition did not expire on April 23, 1997, as his conviction had not been finalized a year prior to that date. Additionally, he asserts that his conviction became final on May 28, 2008, when the Alabama Supreme Court denied his petition for a writ of mandamus concerning his "*Callahan*" motion. (Doc. 8 at 3).

"[T]he Fourteenth Amended guarantees a criminal appellant the right to counsel on a first appeal as of right." *Penson v. Ohio*, 488 U.S. 75, 79, 109 S. Ct. 346, 349, 102 L. Ed. 2d 300

---

[7] This was 18 days after the Court of Criminal Appeals affirmed his conviction. *See* ALA. R. APP. P. 41(a), and *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review) and 28 U.S.C. § 2244(d)(1)(A).

(1988), citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963). Furthermore, in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the Supreme Court held that "a criminal appellant may not be denied representation on appeal based on appointed counsel's bare assertion that he or she is of the opinion that there is no merit to the appeal." *Penson*, 488 U.S. at 79, 109 S. Ct. at 349. Nevertheless, the Supreme Court has instructed that

> in some circumstances counsel may withdraw [from representing an indigent criminal appellant] without denying the indigent appellant fair representation provided that certain safeguards are observed: Appointed counsel is first required to conduct "a conscientious examination" of the case. [*Anders*, 386 U.S. at 744, 87 S. Ct. at 1400]. If he or she is then of the opinion that the case is wholly frivolous, counsel may request leave to withdraw. The request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Ibid.* Once the appellate court receives this brief, it must then itself conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Ibid.* Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel. On the other hand, if the court disagrees with counsel ... and concludes that there are nonfrivolous issues for appeal, "it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Ibid.*

*Penson*, 488 U.S. at 80, 109 S.Ct. at 350.

While the safeguards set forth by the Court in *Anders* are not mandatory in all states, *see Penson*, *supra*, the Court of Criminal Appeals in this case appears to have complied with those safeguards in full. Specifically, Mr. Cahill moved for leave to withdraw from representing Russo on appeal, and submitted an *Anders* brief. As the Court explained in *Penson*,

> [t]he so-called "*Anders* brief" serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation.... In our decision in *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988), we clearly stated that the *Anders* brief is designed both "to provide the appellate courts with a basis for determining whether

5

>appointed counsel have fully performed their duty to support their clients' appeal to the best of their ability," and also to help the court make "the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *Id*., at 439, 108 S. Ct., at 1902. [ ] This requirement necessarily follows from an understanding of the interplay between *Douglas* and *Anders*. *Anders,* in essence, recognizes a limited exception to the requirement articulated in *Douglas* that indigent defendants receive representation on their first appeal as of right. The exception is predicated on the fact that the Fourteenth Amendment-although demanding active and vigorous appellate representation of indigent criminal defendants-does not demand that States require appointed counsel to press upon their appellate courts wholly frivolous arguments.

*Penson*, 488 U.S. at 81-84, 109 S. Ct. at 350 - 352.

Russo does not allege that Mr. Cahill's *Anders* brief failed to apprise the court of appeals of the potential bases for reversing Russo's conviction, nor does he argue that the court failed to fully review the record of the trial court proceedings before reaching its own conclusion that the appeal was frivolous. Instead, Russo rests his entire petition on the argument that he was denied the counsel of his choice on appeal, that he disagreed with Mr. Cahill's assessment that his appeal was frivolous, and that the court of appeals did not appoint new counsel to represent him during the remainder of his appeal. Despite filing several lengthy briefs with copious evidentiary submissions, Russo offers no evidence to support his claim that he was denied his right to counsel on appeal, or that the court of appeals lacked authority to issue its certificate of final judgment in July 1989.[8] Accordingly, Russo's petition is due to be denied as untimely, because it was not filed before April 23, 1997.[9]

---

[8] To the contrary, the vast majority of Russo's briefing and evidence address his trial court proceedings rather than his appeal. While the court granted Russo's motion for leave to file an amendment to his petition to include additional factual allegations as to his trial court proceedings (*see* Order entered January 28, 2011), the court has considered the same and concludes they are irrelevant to the issues presented in the petition, which relate solely to whether Russo's right to counsel on appeal was violated. (*See* Doc. 14-1).

[9] Nothing before the court demonstrates that the petitioner is entitled to any relief due to equitable tolling (*see Holland v. Florida,* ___U.S.___, 130 S. Ct. 2549 (2010)) or actual innocence (*see Arthur v. Allen*, 452 F.3d 1234 (11th Cir. 2006)). His claim that it would be a miscarriage of justice to apply the one year limitation period to

To the extent that he argues his conviction was not final until after the Alabama Supreme Court denied his motion for a writ of mandamus, this court disagrees. The mandamus proceeding did not toll nor commence again the running of the statute of limitations for purposes of federal habeas corpus relief. To the contrary, by the time the "*Callahan*" motion was filed and denied, the federal statute of limitations had run.

### III.  CONCLUSION

Having considered the arguments of Russo and the respondents, as well as the evidence presented in support of both sides to this dispute, the court finds that Russo's petition is barred from review premised on the applicable statute of limitations, and, in the alternative, that he has failed to establish that his right to counsel on appeal was violated. Therefore, Russo is not entitled to habeas relief as requested in his § 2254 motion, and the same is due to be denied. An appropriate order will be entered.

**DONE** this the ___9th___ day of February, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

the "deprivation of counsel" on appeal claim is without merit. (Doc. 8 at 4).